IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
**RICHARD COPPOLINO,**        :        Civil Action No. 16-0249
**Plaintiff,**                :
                              :
**v.**                        :
                              :
**FRANK NOONAN,**             :
**Defendant.**                :
_____:

### MEMORANDUM OPINION

**RUFE, J.**                                           September 19, 2016

      Plaintiff Richard Coppolino seeks a declaratory judgment to enjoin the retroactive application of 42 Pa. C.S. §§ 9799.10-9799.41 ("Megan's Law IV") to individuals, such as himself, who were convicted and sentenced while an earlier version of Megan's Law was in effect.  He argues that requiring convicted sex offenders to comply with new registration and notification procedures is unconstitutional.  Before the Court is Defendant Frank Noonan's Motion to Dismiss, which argues, *inter alia*, that the claims set forth in the Complaint should be dismissed under the doctrine of *res judicata*.  Because the Court finds this basis for dismissal dispositive, it will not reach the other asserted grounds for dismissal.  Also before the Court is Plaintiff's Motion for Leave to Amend the Complaint, which seeks to add a claim for monetary damages and to replace Defendant Frank Noonan, former Commissioner of the Pennsylvania State Police, with Tyree Blocker, current Commissioner of the Pennsylvania State Police; that motion will be dismissed.

    **I.**      **BACKGROUND**

      In 2001, following a jury trial, Plaintiff was found guilty of seven separate criminal charges: involuntary deviate sexual intercourse, aggravated indecent assault, simple assault,

recklessly endangering another person, unlawful restraint, terrorist threats, and intimidation of a witness. He was sentenced to imprisonment for five to ten years, plus three years of probation. The sentence was affirmed on direct appeal. After Plaintiff filed a petition for post-conviction relief, he and the prosecutor reached an agreement to reduce his sentence. When Plaintiff was released from incarceration, he immediately registered with the Pennsylvania State Police and was required to comply with Megan's Law III, 42 Pa. C.S. §§ 9795.1-9796, in effect at that time.[1] Plaintiff's conviction for involuntary deviate sexual intercourse subjected him to lifetime registration under Megan's Law.[2]

As of July 22, 2011, Plaintiff had completed both his period of incarceration and his term of probation, and he continued to comply with the requirements for an actively registered lifetime sex offender. On December 22, 2011, five months after he completed his sentence, Pennsylvania enacted Megan's Law IV. The law went into effect on December 20, 2012. On December 3, 2012, the Pennsylvania State Police notified Plaintiff that as of December 20, 2012, he would have to comply with the new law.

Under Megan's Law IV, Plaintiff must provide a wider range of information to the Pennsylvania State Police, including aliases, nicknames, internet identifiers under which he posts online, telephone numbers, motor vehicle information, palm prints, and DNA samples. Plaintiff must appear in person at a Pennsylvania State Police site quarterly to verify his registration information, and at least 21 days before traveling outside the United States to provide information related to the travel. Furthermore, Plaintiff is required to update changes in his registration information, including temporary lodging, cell phone numbers, and information related to motor vehicles, in person at a Pennsylvania State Police site, within three business

---

[1] At the time of Plaintiff's offenses, Megan's Law II, 42 Pa. C.S. 9795.1, *et seq.*, was in effect.

[2] *Coppolino v. Noonan*, 102 A.3d 1254, 1260 (Pa. Commw. Ct. 2014), *aff'd*, 125 A.3d 1196 (Pa. 2015).

days of any change in that information. Failure to comply with these registration requirements exposes Plaintiff to a second degree felony conviction under the Pennsylvania Crimes Code.

On April 30, 2013, Plaintiff filed a petition for review seeking mandamus relief in the original jurisdiction of Commonwealth Court. His mandamus action was against the Defendant in the present action, Frank Noonan, in his official capacity as Commissioner of the Pennsylvania State Police. Plaintiff alleged that: "(1) the changes to Megan's Law IV . . . make the law so much more punitive than previous versions of Megan's Law as to render the statute an *ex post facto* law; and (2) Megan's Law IV is unconstitutionally overbroad because it burdens [his] right to anonymous online speech while his offense did not involve a minor or the internet."[3]

In ruling on cross-motions for summary judgment, the Commonwealth Court first addressed the *ex post facto* argument in depth. That court understood Plaintiff to be challenging five separate aspects of Megan's Law IV. The Commonwealth Court concluded that Megan's Law IV is "expressly non-punitive" as its "purpose is public protection,"[4] and held that "the bulk of Megan's Law IV does not constitute an *ex post facto* law."[5]

The Commonwealth Court then turned to the separate due process claim. Plaintiff alleged that 42 Pa. C.S. § 9799.16(b)(l), which requires registrants to disclose all "designations or monikers used for self-identification in Internet communications or postings," was an overbroad abridgement of his First Amendment right to speak anonymously. The Commonwealth Court disagreed, holding that the statute is not overbroad because it does not

---

[3] *Coppolino*, 102 A.3d. at 1262.

[4] *Id.* at 1266.

[5] As to one issue, the Commonwealth Court granted Plaintiff's cross-motion for summary judgment, holding that Plaintiff should not be required to submit the information updates required by Section 9799.15(g) in person.

3

burden a registrant's First Amendment rights. It further held that Plaintiff's right to freely express himself anonymously on the internet is not chilled by the requirement that he disclose his internet identifiers.

Plaintiff appealed from the Commonwealth Court ruling insofar as it rejected all but one of his contentions. Defendant did not cross-appeal the court's determination on the one issue that was resolved in Plaintiff's favor. The Pennsylvania Supreme Court affirmed the Commonwealth Court's decision *per curiam* on November 20, 2015.

Plaintiff subsequently filed suit in this Court, asserting two claims pursuant to 42 U.S.C. § 1983 ("Section 1983"): an *ex post facto* claim, asserting that Megan's Law IV enhances penalties for past acts retroactively for a punitive purpose, and also a due process claim, asserting that the new version of the law uses a vague and ambiguous term ("internet identifiers"), is overbroad, and, without adequate justification, impinges on Plaintiff's right to speak anonymously on the internet.

Defendant filed a Motion to Dismiss for Failure to State a Claim, and the Court held oral argument on the Motion on August 10, 2016. The morning of the hearing, Plaintiff filed a Motion for Leave to Amend the Complaint. The Motions are ripe for review.

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[6] lacks enough substance to show that he is entitled to relief.[7] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the

---

[6] Fed. R. Civ. P. 8.

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[8] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[9] "[C]onclusory or 'bare-bones' allegations will [not] survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"[10]

### III. DISCUSSION

#### A. Plaintiff's Claims Are Barred by *Res Judicata*

Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues litigated in that action.[11] When a federal court is applying *res judicata* principles, it is bound by 28 U.S.C. § 1738, the Full Faith and Credit Statute, and must apply the law of the issuing court to determine the preclusive effect of a prior judgement.[12] Thus, the Court applies Pennsylvania law to determine whether Plaintiff's claims are precluded.

Under Pennsylvania law, in the Section 1983 context, *res judicata* applies to claims that were actually previously litigated in state court.[13] The Third Circuit has held that if a litigant raises federal constitutional issues in a state court, rather than asserting them in federal court pursuant to Section 1983, he may be barred by *res judicata* from relitigating the constitutional

---

[8] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9] *Twombly*, 550 U.S. at 555, 564.

[10] *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[11] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. Sac Cty.*, 94 U.S. 351 (1876)).

[12] *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir. 1999).

[13] *Lehman v. Lycoming Cty. Children's Serv. Agency*, 648 F.2d 135, 145 (3d Cir. 1981); *see also Bartholomew v. Fischl*, 534 F. Supp. 161, 164 (E.D. Pa. 1981) (citing *Lehman* and stating, "since the claims at bar were not raised in the prior state court litigation, we will deny defendants' motion to dismiss based upon the defense of *res judicata*"). In contrast, outside the Section 1983 context, the doctrine of *res judicata* will bar both claims that were brought and those that could have been brought in the state court litigation. *Id.*

challenge in federal court.[14] *Res judicata* is intended to "relieve the parties of the cost and vexation of multiple suits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications."[15] The doctrine "bars suit when three elements are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."[16]

First, Plaintiff's claims were subject to a final adjudication on the merits. In deciding Plaintiff's *ex post facto* claim, the Commonwealth Court considered Plaintiff's argument that the law was unduly punitive. It performed a comprehensive analysis of the statute, and concluded that "the bulk of Megan's Law IV does not constitute an *ex post facto* law."[17] Thus, this cause of action was asserted and resolved in state court.

Plaintiff's due process claim was also subject to a final adjudication on the merits. In his petition for a writ of mandamus in the Commonwealth Court, in addition to the *ex post facto* claim, Plaintiff alleged that "application of this law to his case violates his constitutional rights to due process and equal protection."[18] In his motion for summary judgment in the Commonwealth Court, Plaintiff's second "statement of questions involved" was whether the internet identifier registration and reporting requirements of Megan's Law IV rendered the statute constitutionally

---

[14] *Id.* In state court, Plaintiff raised the *ex post facto* and due process claims under both the federal and Pennsylvania constitutions. *See* Ex. 1 to Def. Mot. to Dismiss (Pl. Mot. for Summary Judgment in Commw. Ct.), at 2, 3 (arguing that Megan's Law IV is "unconstitutional under both the United States and Pennsylvania Constitution[s].") In its opinion, the Commonwealth Court noted that "prohibitions on *ex post facto* laws in the United States and Pennsylvania Constitutions are subject to the same analytical framework" and analyzed the due process claim under the United States Constitution. *Coppolino*, 102 A.3d at 1263, 1280 n.35.

[15] *Turner v. McCormack Baron Mgmt. Servs., Inc.,* 449 F.3d 542, 551 (3d Cir. 2006).

[16] *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (internal quotation omitted).

[17] *Coppolino*, 102 A.3d at 1285.

[18] Pl. Pet. for Mandamus, at 4.

overbroad. Within this argument, Plaintiff raised issues regarding his right to privacy and the vagueness of the statute.[19] The Commonwealth Court largely granted Defendant's motion and denied Plaintiff's; the only relief Plaintiff obtained was that the Commonwealth Court "direct[ed] the Commissioner not to require Coppolino to make the updates required by . . . in person."[20] Thus, summary judgment was granted in favor of Defendant on the due process claim.[21]

Second, the parties to the action are the same in both actions: in the state court action, as here, Plaintiff Richard Coppolino sued Defendant Frank Noonan. It is of little import that Plaintiff now seeks to add the new Commissioner of the Pennsylvania State Police, Tyree Blocker, as a Defendant, as he would be considered in privity to the earlier action.[22] The law and its requirements are the same regardless of who holds the office.

Finally, the causes of action asserted here are the same as those resolved in the state court action. Plaintiff raises the following *ex post facto* claim in this case: "the new law is punitive in its purpose or effect and imposes a significant disadvantage[] upon the Plaintiff in that it creates

---

[19] *See* Ex. 1 to Def. Mot. to Dismiss (Pl. Mot. for Summary Judgment in Commw. Ct.), at 1-2 ("The information and other items [Petitioner] must provide are far more complex and intrusive, threatening not only Petitioner's right to privacy, but also his constitutional right to anonymous free speech."); *id.* at 51 ("None of these terms are defined within the statute, and the wording is somewhat vague and confusing . . . The fact that the provisions do not provide readily intelligible standards strengthens the argument for overbreadth.").

[20] *Coppolino*, 102 A.3d at 1285.

[21] *Id.* (holding that Megan's Law is "not overbroad with regard to the requirement that registrants disclose their Internet identifiers"); *see also id.* at 1281 ("Here, Coppolino argues that his right to freely express himself anonymously on the Internet is chilled or burdened by the requirement that he disclose his Internet identifiers."); *id.* at 1285 ("we conclude that . . . the requirement that registrants disclose their Internet identifiers does not burden the right to anonymous speech.").

[22] *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) (Privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*."); *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) ("*[R]es judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants.").

or enhances penalties that did not exist when Plaintiff's offenses were committed."[23] In the previous case, the Commonwealth Court considered Plaintiff's argument that "the registration and notification provisions of Megan's Law IV are more punitive than those of previous versions of Megan's Law to such an extent that Megan's Law IV constitutes an impermissible *ex post facto* law as to Coppolino, where he completed his sentence prior to the enactment of these new provisions."[24]

Likewise, the due process claim Plaintiff now seeks to litigate was incorporated into the Commonwealth Court's decision.[25] Plaintiff's due process claim in this case is as follows:

> Pursuant to 42 U.S. Code § 1983, this claim is brought by Plaintiff against the Defendant because this new law is vague, ambiguous and fails to sufficiently define its terms such that ordinary people can understand a person's (e.g., "internet identifiers") obligations under the new law. This new law thus encourages arbitrary and discriminatory enforcement; furthermore, it is overbroad. The new law further violates the Plaintiff's federal constitutional right to due process of law by infringing on his fundamental rights to privacy, reputation, and integrity as well as the right of free speech under the First Amendment of the United States Constitution in that said law operates to chill and suppress speech, particularly on the Internet, without adequate justification.[26]

The additional conclusory statements sandwiched into the instant claim are insufficient to create a new cause of action.[27] Thus, both the *ex post facto* claim and the due process claim

---

[23] Compl. ¶ 12.

[24] *Coppolino*, 102 A.3d at 1263.

[25] *See id.* at 1285 (Megan's Law is "not overbroad with regard to the requirement that registrants disclose their Internet identifiers"); *id.* at 1285 ("we conclude that . . . the requirement that registrants disclose their Internet identifiers does not burden the right to anonymous speech.").

[26] Compl. ¶ 16.

[27] *See Shih-Liang Chen v. Twp. of Fairfield*, 354 F. App'x 656, 658 (3d Cir. 2009) ("A cause of action is defined by its factual contours" and "[i]n deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'") (quoting *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 200 (3d Cir. 1999)); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 794 (E.D. Pa. 1997) ("*res judicata* will not be defeated by minor differences of form, parties or allegations.") (quoting *Helmig v. Rockwell Mfg. Co.*, 389 Pa. 21, 30, 131 A.2d 622, 627 (1957)); *see also Williams v. City of Allentown*, 25 F. Supp. 2d 599, 603 (E.D. Pa. 1998) (finding subsequent Section 1983 claim

were "litigated freely and without reservation" in the state court action and are now barred from being litigated in this Court.[28]

Even had the Commonwealth Court not adjudicated the *ex post facto* and due process claims, recent cases in this Circuit strongly suggest that the claims would be unsuccessful. In *Riley v. Corbett*, a convicted sex offender brought a Section 1983 suit alleging that Megan's Law IV violated his rights under the *ex post facto* and due process clauses.[29] In a *per curiam* opinion, the Third Circuit affirmed the district court's dismissal and denial of leave to amend the complaint. The Third Circuit looked to other federal courts' analyses of similar statutes, and held that the plaintiff had not established that Megan's Law violated his *ex post facto* or due process rights.[30]

Because this is an action challenging the constitutionality of a state law, Plaintiff could have brought these claims in either state or federal court. This does not, however, give him a right to have his claims adjudicated in both state and federal court. Having opted to challenge the constitutionality of the state law in state court, Plaintiff cannot now relitigate the claims in federal court simply because he is dissatisfied with the state court result. Dismissal of these

---

barred by *res judicata*, and noting, "[t]he minimal new details in the present action are insufficient to create a new cause of action").

[28] *Joseph L. v. Office of Judicial Support of Court of Common Pleas of Delaware Cty.*, 516 F. Supp. 1345, 1348 (E.D. Pa. 1981) (regarding claims in Section 1983 action, "the matters covered by these counts were litigated freely and without reservation in state court and are therefore barred by *res judicata*."). Moreover, Plaintiff's proposal to add a claim for monetary damages is not enough to make this a different case than the one litigated in the Commonwealth Court because the issues in this case which would give rise to damages have already been decided.

[29] 622 F. App'x 93, 94 (3d Cir. 2015).

[30] *Id.* at 95-96; *see also Santos v. Phila., Pa.*, No. 13-3130, 2013 WL 3829622, at *1 (E.D. Pa. July 24, 2013) (holding that the registration and notification requirements of Megan's Law do not violate due process, the *ex post facto* clause, or the double jeopardy clause).

claims will "relieve the parties of the cost and vexation of multiple suits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications."[31]

### B. Amendment of the Complaint Would Be Futile

Plaintiff has moved for leave to amend the Complaint to add a claim for "monetary damage in the form of out-of-pocket losses, counsel fees, impairment of reputation, personal humiliation, mental anguish and irreparable injury."[32] Additionally, he seeks to add the current Commissioner of the Pennsylvania State Police, Tyree Blocker, as a Defendant.[33]

Under Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Third Circuit has held that, where a complaint is subject to dismissal under Rule 12(b)(6), "a district court must permit a curative amendment unless such an amendment would be inequitable or futile."[34]

Defendant urges the Court to deny Plaintiff's Motion, as the amendment would be futile. He argues that the proposed amended complaint asserts the same claims as the original Complaint. Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."[35] Because the Court finds that the claims asserted in Plaintiff's

---

[31] *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 551 (3d Cir. 2006) (citing *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995)).

[32] Supp. Mot. to Amend ¶ 17.

[33] It appears that Plaintiff also wishes to remove as a Defendant former Commissioner of the Pennsylvania State Police Frank Noonan. Though the body of the proposed amended complaint continues to reference Noonan as a Defendant, and does not mention Blocker as a Defendant, Noonan's name has been removed from the caption in the proposed amended complaint and Blocker's name has been added. Therefore, it appears Plaintiff wishes to replace Noonan with Blocker as a Defendant.

[34] *Phillips v. Cty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)).

[35] *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *In re Merck & Co. Sec., Derivative, & ERISA Litig.,* 493 F.3d 393, 400 (3d Cir. 2007)).

Complaint are barred by *res judicata*, and the proposed changes pertain only to the remedy sought and the change in leadership in the Pennsylvania State Police, the proposed amendments would be futile.

### IV.     CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss will be granted and Plaintiff's Motion for Leave to Amend will be denied.  An appropriate order follows.